IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TYRONE CAMPBELL, | No. C 07-00982 SBA (PR) |
| Petitioner, | **ORDER SETTING SUPPLEMENTAL BRIEFING SCHEDULE** |
| v. | (Docket no. 9) |
| DAVID RUNNELS, Warden, | |
| Respondent. / | |

Petitioner Anthony Tyrone Campbell filed this pro se habeas corpus action pursuant to 28 U.S.C. § 2254 on January 25, 2007. The petition alleges that his Sixth Amendment rights were violated based upon newly discovered evidence of an alleged conflict of interest on the part of his trial counsel. On September 12, 2007, Respondent Warden David Runnels filed a motion to dismiss alleging that Petitioner's petition was barred by procedural default and was untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner timely filed an opposition on October 1, 2007. For the reasons discussed below, the Court GRANTS Petitioner leave to file a supplemental opposition to Respondent's motion to dismiss.

# BACKGROUND

On May 28, 1997, a jury convicted Petitioner of attempted first degree murder, torture, aggravated mayhem, and assault with a firearm. Petitioner was sentenced to twenty-five years to life for the attempted murder and a total consecutive determinate sentence of eleven years. On May 24, 1999, Petitioner appealed his conviction to the California Court of Appeal which affirmed his conviction. His petition was denied review in the California Supreme Court on August 18, 1999. In 2006, Petitioner filed a petition for a writ of certiorari in the United States Supreme Court, which was denied.

On February 15, 2007, Petitioner filed the present petition for a writ of habeas corpus.

# DISCUSSION

**I.     Timeliness**

   **A.     Relevant Federal Law**

The AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1).

A state prisoner with a conviction finalized after April 24, 1996 ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. U.S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. U.S. Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.

2

§ 2244(d)(1)(A).  "Direct review" includes the ninety-day period during which a criminal appellant can file a petition for a writ of certiorari from the United States Supreme Court, whether he actually files such a petition or not.  Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

**B.     Analysis**

Petitioner's conviction became final for the purposes of federal habeas review on November 15, 1999, ninety days after his appeal to the California Supreme Court was denied.[1] Absent certain circumstances enumerated in 28 U.S.C. § 2244(d), Petitioner was required to file a federal habeas corpus petition no later than November 16, 2000.  Because he did not file the present petition until January 25, 2007 -- more than six years after the limitations period had expired -- the petition is untimely unless he can show that he is entitled to delayed commencement or equitable tolling.

**1.     Delayed Commencement**

Petitioner claims that at some time during 2006 he became aware of a conflict of interest on the part of his trial counsel.[2]  According to the Petition, there was a "conflict of interest involving defense attorney and the victim through over-familiarity in another case of attempted murder independent of [Petitioner's] Court proceedings."  (Pet at 6.)  Since the information concerning the conflict was allegedly unavailable to him until 2006, Petitioner requests a delayed commencement of the statute of limitations.

Petitioner has not informed the Court or Respondent what this information is or how it was discovered.  Petitioner's vague explanation is insufficient and must be supplemented so the Court may determine if Petitioner is entitled to relief.  Without further evidence, including the exact date

---

[1] Petitioner's previous filings of a petition for a writ of certiorari from the United States Supreme Court has no effect upon the statute of limitations because it was not filed within the ninety day period after his final state appeal was denied.  See 28 U.S.C. § 2244(d).

[2] Petitioner has not stated the exact date that the information was obtained.  That date would be relevant for the Court to determine whether Petitioner is entitled to a delayed commencement of the limitations period.

3

the information was discovered, how it was discovered, and what it entails, the Court is unable to grant Petitioner's delayed commencement claim.

### 2. Equitable Tolling

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitation and not a jurisdictional bar. Beeler, 128 F.3d at 1288. "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond [a] prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted) (brackets in original). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Whether equitable tolling is in order turns on an examination of detailed facts. Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002).

Nothing currently in the record suggests the possibility of equitable tolling. Petitioner alleges no facts from which the Court could infer that his failure to raise his claims prior to the expiration of the limitations period was because of circumstances which were beyond his control and which made it impossible to file a timely federal petition. In the absence of delayed commencement, Petitioner will need to explain to the Court how extraordinary circumstances prevented him from filing his petition in order for his petition to survive Respondent's motion to dismiss.

## II. Exhaustion

### A. Applicable Federal Law

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted

4

state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court.[3]  See 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  The petitioner has the burden of pleading exhaustion in his or her habeas petition.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts in the manner required by the state courts, thereby affording the state courts a meaningful opportunity to consider allegations of legal error.  Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005).  A claim is "fairly presented" only if the petitioner either referenced specific provisions of the federal constitution or federal statutes, or cited to federal or state case law analyzing the federal issue.  Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).  The specific factual basis of the federal claim also must be presented to the highest state court.  Kelly v. Small, 315 F.3d 1063, 1067-69 (9th Cir.), cert. denied, 538 U.S. 1042 (2003).

**B.   Analysis**

Respondent points out that Petitioner has failed to provide any evidence that his Sixth Amendment claim was considered by the California Supreme Court when it denied his petition for direct review in 1999.[4]  Because principles of federalism require the Court to allow the state court a "fair opportunity" to rule on constitutional claims, Petitioner must have raised his claim in state court before bringing it to federal court.  The record contains no evidence that Petitioner raised this

---

[3] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction.  Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999).  Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in a state appellate court.  Id.  If a state appellate court denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the California Supreme Court.  Id. at 1006 n.3.

[4] Again, Petitioner's previous filings of a petition for a writ of certiorari from the United States Supreme Court has no effect upon the exhaustion requirement because the AEDPA requires that all claims be exhausted in a state's highest court before being considered in federal court.

specific set of facts in state court. Therefore, Petitioner must provide such evidence for his federal habeas claim to move forward. Accordingly, Petitioner is GRANTED leave to file further briefing on the issue of exhaustion as directed below.

## **CONCLUSION**

In the interest of justice, the Court finds that Petitioner is entitled to an opportunity to provide further briefing on the issues of timeliness and exhaustion and GRANTS Petitioner leave to file a supplemental opposition to Respondent's motion to dismiss. Petitioner shall submit documents demonstrating that his claim is timely, including an explanation as to how and when the new evidence was discovered. Further, Petitioner shall explain the full extent of the newly-discovered evidence and its relevance to the case at hand. In addition, Petitioner must also provide evidence that his claim (and the new evidence it was based upon) was presented to the California Supreme Court in accord with the exhaustion requirements of AEDPA.

Accordingly, the Court will reserve ruling on Respondent's motion to dismiss. Petitioner shall file with the Court and serve upon Respondent no later than **thirty (30) days** of this order, a supplemental opposition to the motion to dismiss. Respondent shall file a supplemental reply no later than **fifteen (15) days** of the date Petitioner's supplemental opposition is filed. Should Petitioner fail to file a supplemental opposition within the thirty-day deadline, the Respondent's motion to dismiss will be deemed submitted and ready for decision.

IT IS SO ORDERED.

DATED: 7/2/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.07\Campbell0982.SuppBriefing.wpd   6

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANTHONY TYRONE CAMPBELL,

        Plaintiff,

  v.

DAVID RUNNELS et al,

        Defendant.

Case Number: CV07-00982 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Tyrone Campbell K56852
High Desert State Prison
P.O. Box 3030 (B-B4-214)
Susanville, CA 96127

Dated: July 2, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.07\Campbell0982.SuppBriefing.wpd